UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JANNIE LEDGER,** | ) |
| Plaintiff, | ) CASE NO. 1:18-cv1366 |
| | ) |
| vs. | ) **MAGISTRATE JUDGE** |
| | ) **WILLIAM H. BAUGHMAN, JR.** |
| **FAMILY FIRST CAREGIVERS, INC.** | ) |
| | ) **FIRST AMENDED COMPLAINT** |
| and | ) |
| | ) |
| **JIM NOWAK,** | ) |
| | ) **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) |
| | ) |

Plaintiff, Jannie Ledger, by and through the undersigned counsel, for her Complaint against Defendants Family First Caregivers, LLC and Jim Nowak ("Defendants"), states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

EXHIBIT A

## PARTIES

4. Plaintiff Jannie Ledger is a citizen of the United States. At all relevant times, Plaintiff worked as a caregiver in people's homes as an employee of Defendants.

5. Plaintiff performed personal care services including bathing, cooking, cleaning, dish washing and other such activities that were customary and usual at each and every home she worked at.

6. These activities took up the better part of her day on a daily basis.

7. Defendants' principal place of business is located at 10850 Pearl Rd., Strongsville, Ohio 44136.

## FACTUAL ALLEGATIONS
### Defendants' Status As an "Employer"

8. At all times relevant, Defendant Family First Caregivers, LLC ("Defendant Family First") was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. At all times relevant, Defendant Jim Nowak was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. During all times material to this Complaint, Defendant Nowak had significant ownership interest in Defendant Family First.

11. During all times material to this Complaint, Defendant Nowak had significant operational control of all or at least significant aspects of the day-to-day operations of Defendant Family First.

12. During all times material to this Complaint, Defendant Nowak personally made decisions with regards to significant aspects of the day-to-day functions of Defendant Family First.

13. During all times material to this Complaint, Defendant Nowak, in addition

to Defendant Family First, had the authority to hire and fire employees, including Plaintiff.

14. During all times material to this Complaint, Defendant Nowak, in addition to Defendant Family First, was responsible for maintaining employment records.

15. During all times material to this Complaint, Defendant Nowak, in addition to Defendant, Family First, determined the rate and method of Plaintiff's wages.

16. During all times material to this Complaint, Defendant Family First functioned largely for the profit of Defendant Nowak.

17. Defendants' non-exempt employees included Plaintiff. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Plaintiff's Non-Exempt Status

18. Plaintiff is a current non-exempt employee of Defendants who was paid on an hourly basis and not paid overtime compensation for all hours worked in excess of forty (40) in one workweek.

19. Plaintiff frequently worked more than forty (40) hours in a single workweek entitling her to overtime compensation under the FLSA and Ohio wage-and-hour statutes.

### Defendants' Failure to Pay Overtime Compensation

20. The FLSA requires Defendants to pay overtime compensation to its Home Health Aids.

21. Defendants unlawfully failed to pay overtime compensation to its Home Health Aids.

22. Defendants knew or showed reckless disregard for whether Plaintiff was

entitled to overtime pay under federal law.

## COUNT ONE
### (FLSA Overtime Violations)

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Plaintiff brings this claim for violation of the FLSA's overtime provisions pursuant to 29 § 216(b).

25. The FLSA requires that Defendants' Home Health Aids receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

26. Plaintiff should have been paid overtime compensation at the rate of one-half times her "regular rate" for all hours worked in excess of forty hours per workweek.

27. Defendants failed to pay overtime compensation to Plaintiff.

28. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

29. As a result of Defendants' violations of the FLSA, Plaintiff was injured in that she did not receive overtime compensation due to her pursuant to the FLSA. Thus, she is entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) of the FLSA further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

- Enter judgment against Defendants and in favor of Plaintiff pursuant to 29 U.S.C. § 216(b);

- Award compensatory damages to Plaintiff in the amount of her unpaid wages, as well as liquidated damages in an equal amount; and

- Award Plaintiff her costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

        Respectfully submitted,

        Nilges Draher LLC

        */s/ Hans A. Nilges*
        Hans A. Nilges (0076017)
        Shannon M. Draher (0074304)
        7266 Portage Street, N.W., Suite D
        Massillon, OH 44646
        Telephone:   (330) 470-4428
        Facsimile:    (330) 754-1430
        Email:        hans@ohlaborlaw.com
                        sdraher@ohlaborlaw.com

        *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                        */s/Hans A. Nilges*
                                                        Hans A. Nilges

                                                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

     I hereby certify that on January ____, 2019, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                        */s/Hans A. Nilges*
                                                        Hans A. Nilges (0076017)
                                                        *Counsel for Plaintiff*